UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDRE J. KLEINRICHERT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 1:10-cv-13-JMS-TAB |
| | ) | |
| AMERICAN FAMILY INSURANCE | ) | |
| GROUP, | ) | |
|     Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.    Introduction**

This motion to compel raises three privilege issues common to first-party insurance cases: first, whether an insurer anticipated a lawsuit from its insured, triggering work product protection; second, whether an insurer's in-house counsel is functioning as a legal adviser, triggering the attorney-client privilege; and third, whether an insurer must produce proprietary policies and procedures. In this case, Defendant American Family Insurance Group presented evidence sufficient to trigger both privileges, but its privilege log leaves the Court unable to determine whether certain documents are privileged. The Court therefore grants in part and denies in part Plaintiff Andre Kleinrichert's motion to compel. [Docket No. 34.] As outlined below, American Family shall produce some documents, and the parties shall attempt to resolve their disputes as to others. If the parties are unable to agree, the Court will review selected documents *in camera*.

## II. Background

On November 19, 2003, Andre Kleinrichert was struck by a minivan. He sued the minivan driver and received policy limits from the driver's insurer. Kleinrichert then made a claim against his underinsured motorist policy with American Family. According to Kleinrichert, American Family "offered only a wholly inadequate payment," [Docket No. 1-1 at 7, ¶ 16] resulting in this lawsuit for breach of contract and bad faith.

On June 16, 2010, Kleinrichert requested documents from American Family. American Family responded with many documents and a privilege log asserting work product and attorney-client privileges and irrelevance. Kleinrichert disputed American Family's privilege assertions. The parties' attempts to resolve the issues were unsuccessful, and Kleinrichert moved to compel production of documents responsive to request nos. 1, 4, and 5. [Docket No. 34.]

## III. Discussion

### A. *Request No. 1 (claims file)*

Request no. 1 seeks American Family's entire claims file for Kleinrichert's accident. American Family produced approximately 750 pages from its claims file but withheld 32 (and an unspecified number of documents prepared after this lawsuit began) on privilege grounds. [Docket No. 42 at 4.] Although American Family's privilege claims are not entirely clear from its privilege log, the briefing shows that the parties' main disputes involve the work product and attorney-client privileges.[1]

---

[1] American Family also raised relevance objections for two documents, "Invoice for services from the American Research Bureau" and "Copy of American Family check made payable to American Research Bureau." [Docket No. 34, Ex. 4 at 4.] These documents appear relevant to American Family's investigation of Kleinrichert's claim, and American Family must produce them within fourteen days.

### 1.     Work product privilege

Federal Rule of Civil Procedure 26(b)(3)(A) prohibits discovery of documents "prepared in anticipation of litigation or for trial by or for another party or its representative." American Family and Kleinrichert dispute whether certain documents meet this standard.

According to the affidavit of Jeff Bick, senior claims attorney for American Family, Kleinrichert's attorney called American Family adjuster Mark Overlin on March 11, 2005, to advise that Kleinrichert "was asserting an underinsured motorist claim and was drafting a lawsuit for filing." [Docket No. 42, Ex. A at ¶ 5.] American Family claims that it anticipated litigation from this date.[2] [*Id.*]

Kleinrichert rejects this view and argues that litigation could not have been considered imminent until late 2008 or early 2009 when he demanded payment under the policy, though his complaint states that he notified American Family of an underinsured motorist claim on March 14, 2005. [Docket Nos. 1-1 at 6, ¶ 13; 47 at 5.] Kleinrichert also emphasizes American Family's choice to obtain Kleinrichert's statement—rather than a deposition—and assertions in American Family's pre-demand letters that "all underlying coverage must be exhausted before there can be an [sic] UIM claim," and "it does not appear that there even is an [sic] UIM case, yet." [Docket No. 34, Ex. 1 at 9–10.]

---

[2]Kleinrichert seeks to strike these portions of Bick's affidavit, arguing that they are hearsay and that Bick had no personal knowledge of the conversation. The statements are not hearsay because they are offered to show American Family's motivation for its actions, not to establish truth. Further, although Bick was not present for the phone call, he is the custodian of American Family's file and has personal knowledge to testify regarding its contents. The Court therefore declines to strike these portions of Bick's affidavit.
  The Court does not rely on other portions of Bick's affidavit and therefore does not consider whether they should be stricken.

But American Family had a right under the policy to obtain Kleinrichert's statement. American Family's opinion that Kleinrichert had no claim does not remove the possibility that American Family anticipated litigation, particularly given Kleinrichert's attorney's March 2005 assertion that a lawsuit was being drafted. At bottom, American Family presented evidence that it was notified of a potential lawsuit in 2005. Many of the documents in American Family's claims file could therefore have been created in preparation for litigation.

Nevertheless, it is unclear from American Family's privilege log that these items qualify as work product. For example, American Family withheld "First Notice of Loss," "Telephone Log Sheet," and "Claims File Worksheet." These sound more like claims adjusting documents than items prepared in anticipation of litigation. Lacking sufficient information, the Court encourages the parties to resolve their work product dispute in light of the guidance above. If they are unable to do so, each party may select three documents for American Family to produce within fourteen days of this order for *in camera* review. If the Court finds that any of these six documents is not privileged, American Family shall produce all documents in Sections A and B of its privilege log.

American Family also withheld all documents "produced, obtained and/or generated after the lawsuit was filed on July 28, 2005, as having been prepared specifically for or on behalf of the litigation brought by the Plaintiff." [Docket No. 34, Ex. 4 at 4.] Aside from not providing sufficient information for the Court to evaluate the privilege claim, this description may be too broad. For example, American Family might have ordered an investigation in February 2005—before anticipating a lawsuit—and not obtained results until August. Within fourteen days, American Family shall supplement its privilege log to identify individually the documents

claimed as privileged under Section D of its privilege log.

### 2. Attorney-client privilege

American Family argues that other claims file documents are protected by the attorney-client privilege.

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser (8) except the protection be waived.

*Pippenger v. Gruppe*, 883 F. Supp. 1201, 1204 (S.D. Ind. 1994). The parties' attorney-client privilege dispute revolves around the second element—whether American Family's in-house attorneys were acting as legal advisers. Kleinrichert argues that they were acting as claims adjusters, but American Family maintains that the withheld documents relate to legal advice, not claims adjusting, and offers to submit them for *in camera* inspection.

The attorney-client privilege does not apply to the extent an attorney acts as a claims adjuster, claims process supervisor, or claims investigation monitor rather than as a legal adviser. *Illiana Surgery & Med. Ctr. LLC v. Hartford Fire Ins. Co.*, No. 2:07 cv 3, 2010 WL 4852459, at *2 (N.D. Ind. Nov. 18, 2010) (citing *Stout v. Ill. Farmers Ins. Co.*, 150 F.R.D. 594, 610 (S.D. Ind. 1993)); *see also Irving Materials, Inc. v. Zurich Am. Ins. Co.*, No. 1:03-cv-361-SEB-TAB, 2007 WL 4616917 (S.D. Ind. Dec. 28, 2007) (permitting deposition of counsel who analyzed claims and determined specific amounts to be paid). Typical claims adjuster functions include interviewing and investigation. *Illiana Surgery*, 2010 WL 4852459, at *3. American Family's descriptions of its withheld documents suggest that some may be privileged (i.e., "Memo from Attorney Tom McKeon of American Family to Kirk Milam of American Family regarding

5

relevant case law"). Other descriptions, however, appear related to claims adjusting (i.e., "Memo from Kirk Milam of American Family to Attorney Pete Fedij of American Family regarding claim research," "Memo from Attorney Jeff Bick of American Family to Kirk Milam of American Family regarding recorded statement of Plaintiff"). [Docket No. 34, Ex. 4 at 3.]

As with American Family's work product claim, without more description, the Court cannot determine whether the withheld documents are privileged. Therefore, once again the Court encourages the parties to resolve their attorney-client privilege disputes, but if they are unable to do so, each party may select three documents for American Family to submit within fourteen days of this order for *in camera* review. These six documents are not in addition to documents that may be submitted for work product consideration—the Court will review no more than six documents *in camera*. If the Court finds that any of these six documents is not privileged, American Family shall produce all documents listed in Sections A and B of its privilege log.

   B.  *Request No. 4 (internal policies and procedures)*

Request no. 4 seeks American Family's internal policies and procedure manuals from January 1, 2003, to the present. American Family raises two objections to this request. First, American Family argues that responsive documents are not in a readily accessible format and reviewing the items would require "hundreds of hours and cost thousands of dollars." [Docket No. 42 at 2.] But American Family's response to request no. 4 did not object that producing documents would be overly burdensome. American Family therefore waived this objection. *Stelor Prods., Inc. v. Oogles N Googles*, No. 1:05-cv-354-DFH-TAB, 2008 WL 5062786, at *1 (S.D. Ind. Nov. 21, 2008) (quoting *Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 236

6

F.R.D. 396, 398 (N.D. Ind. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted.")).

American Family next argues that its policies and procedure manuals are trade secrets, and their release could harm American Family. [Docket No. 42 at 2.] American Family has presented evidence that its procedures are "confidential and proprietary" and contain "philosophies and strategies unique to American Family." [Docket No. 42, Ex. A at ¶ 10.] Moreover, American Family stores its procedures "in areas not open to the public." [*Id.*] Kleinrichert responds to this objection by offering to submit to a protective order that would prohibit disclosure to third parties, including competing insurance companies. [Docket No. 47 at 8.]

The federal rules do not limit discovery to public documents. Discovery often involves trade secrets and other confidential information, and parties routinely seek protective orders to protect this information. *See, e.g.*, *Gilday v. Kenra, Ltd.*, No. 1:09-cv-229-TWP-TAB, 2010 WL 3928593 (S.D. Ind. Oct. 4, 2010); *Eli Lilly & Co. v. Wockhardt Ltd.*, No. 1:08-cv-1547-WTL-TAB, 2010 WL 2925044 (S.D. Ind. July 20, 2010); *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-cv-37-SEB-TAB, 2010 WL 2560032 (S.D. Ind. June 23, 2010). In this case, American Family's policies and procedures are relevant to Kleinrichert's bad faith claim, and they must be produced. Within fourteen days, American Family and Kleinrichert shall carefully review the Seventh Circuit's decisions in *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), *Union Oil Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000), and *Citizens First National Bank v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999) (as the Court previously instructed counsel to do [Docket No. 16 at 2]), and submit a proposed protective

order. Within fourteen days of the Court's entry of a protective order, American Family shall produce documents responsive to request no. 4.

   C.   *Request No. 5 (reserves)*

Request no. 5 seeks "[a]ll documents relating to the establishment of a reserve for the underinsured motorist claim in this case." Kleinrichert argues that this information is relevant to American Family's claim valuation and could show bad faith if American Family valued the claim at policy limits but then denied the claim without reasonable investigation. [Docket No. 47 at 11.] American Family contends that its reserves are irrelevant because they are based on factors required by the Department of Insurance and do not necessarily reflect claim value. [Docket No. 42 at 3.]

Magistrate Judge Lynch recently tackled these arguments in *Cummins, Inc. v. Ace American Insurance Co.*, No. 1:09-cv-738-JMS-DML, 2011 WL 130158, at *11–12 (S.D. Ind. Jan. 14, 2011). Judge Lynch denied the request for reserve information because:

> the connection between the requested loss reserve information and the issues in this case is too attenuated to require the Insurers to search for and produce every document that relates to the setting (or not setting) of loss reserves for [Plaintiff's] Claim. Because of the business risk and regulatory compliance considerations involved in the setting of loss reserves, loss reserves information are not synonymous with, and may not be particularly probative of, an Insurer's opinion on the true value of a particular claim or on coverage.

*Id.* at *12. In this case, too, the connection between American Family's reserves and valuation of Kleinrichert's claim is too loose to require production. The Court therefore denies Kleinrichert's motion to compel as to request no. 5.

**IV. Conclusion**

Plaintiff's motion to compel [Docket No. 34] is granted in part and denied in part. American Family shall produce documents and the parties shall attempt to resolve their remaining disputes as described above.

Dated: 02/03/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Robert Scott O'Dell
O'DELL & ASSOCIATES PC
rodell@odell-lawfirm.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Theresa M. Willard
PLEWS SHADLEY RACHER & BRAUN
twillard@psrb.com